IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01147-GPG

CONRAD GARZA,

    Plaintiff,

v.

CORRECTIONAL CORPORATION OF AMERICA,
KIT CARSON CORRECTIONAL CENTER,
WARDEN BOBBY BONNER,
C.O. HORVATICH,
C.C.A.-K.C.C.C. MEDICAL DEPARTMENT,
DOCTOR TIONA,
V. BAZAAR, and
JOHN DOES I-V,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Conrad Garza, is a prisoner in the custody of the Idaho Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Garza initiated this action by filing a complaint in the Kit Carson County, Colorado, District Court claiming his rights under the United States Constitution have been violated. On June 2, 2015, Defendants who have been served removed the action to this court. The operative pleading is Mr. Garza's complaint titled "Civil Action Tort Claim" (ECF No. 3).

    The court must construe the complaint liberally because Mr. Garza is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Garza will be ordered to

file an amended complaint if he wishes to pursue his claims in this action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the complaint is deficient. For one thing, Mr. Garza fails to provide an address for each named Defendant. Mr. Garza must provide a complete address for each named Defendant so that they may be served properly.

The complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Garza claims his rights under the Eighth and Fourteenth Amendments to the United States Constitution have been violated. The court construes these constitutional

claims as being asserted pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Mr. Garza may not pursue any constitutional claims against the Defendants identified as the Kit Carson Correctional Center and the C.C.A.-K.C.C.C. Medical Department because those entities are not persons subject to suit in a § 1983 action.

Construing the complaint liberally, it appears that Mr. Garza is asserting a constitutional claim pursuant to both the Eighth and Fourteenth Amendments against C.O. Horvatich, a correctional officer who allegedly observed Mr. Garza fighting with another inmate on April 9, 2014, and failed to intervene and stop the fight in a timely manner.

Mr. Garza also asserts an Eighth Amendment claim alleging he has been denied adequate medical treatment for a shoulder injury suffered in the April 2014 fight. It is not clear against which Defendant or Defendants Mr. Garza is asserting the medical treatment claim or what any particular Defendant did with respect to medical treatment that violated Mr. Garza's constitutional rights. In order to state an arguable Eighth Amendment medical treatment claim Mr. Garza must allege specific facts that demonstrate deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Mr. Garza next asserts a Fourteenth Amendment due process claim "in that the

various employees of KCCC simply refused to allow the grievance process to go forward." (ECF No. 3 at 9.) It also is not clear against which Defendant or Defendants, other than V. Bazaar, Mr. Garza may be asserting this due process claim. However, the due process claim lacks merit because there is no constitutional right to file an administrative grievance. *See Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under 28 U.S.C. § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *see also Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation).

Finally, it appears that Mr. Garza may intend to assert a claim against two escort officers identified only as John Does, although he does not identify the specific claim he may be asserting against the escort officers. (*See* ECF No. 3 at 5.) Mr. Garza may use fictitious names, such as John Doe, if he does not know the real names of the escort officers, but he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. As noted above, Mr. Garza also must provide an address where each Defendant may be served.

In summary, Mr. Garza must identify the specific claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated"). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

To the extent Mr. Garza asserts a constitutional claim against an individual, he must allege specific facts that demonstrate how that individual personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Furthermore, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

To the extent Mr. Garza asserts a constitutional claim against Correctional

Corporation of America, he must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom.  *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

Finally, because Mr. Garza must clarify the claims he is asserting, he will be directed to file an amended complaint on the complaint form approved for use by prisoners in the District of Colorado.  Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Accordingly, it is

ORDERED that Mr. Garza file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Garza shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Garza fails to file an amended complaint that complies with this order within the time allowed, the claims that do not comply with the pleading requirements of Rule 8 will be dismissed without further notice.

DATED June 3, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge