IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01147-GPG

CONRAD GARZA,

    Plaintiff,

v.

CORRECTIONAL CORPORATION OF AMERICA,
KIT CARSON CORRECTIONAL CENTER,
WARDEN BOBBY BONNER,
C.O. HORVATICH,
C.C.A.-K.C.C.C. MEDICAL DEPARTMENT,
DOCTOR TIONA,
V. BAZAAR, and
JOHN DOES I-V,

    Defendants.

ORDER

    This matter is before the Court on the "Objection to Removal of Case to U.S. District Court" (ECF No. 8) filed *pro se* by Plaintiff, Conrad Garza.  Mr. Garza is a prisoner in the custody of the Idaho Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado.  He asks the Court to remand this action to the state court from which it was removed.  The Court must construe the "Objection to Removal of Case to U.S. District Court" liberally because Mr. Garza is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the Court construes the objection as a motion to remand this action to state court.

    Mr. Garza initiated this action by filing a complaint in the Kit Carson County,

Colorado, District Court claiming his rights under the Eighth and Fourteenth Amendments have been violated. On June 2, 2015, Defendants who have been served removed the action to federal court. The operative pleading is Mr. Garza's complaint titled "Civil Action Tort Claim" (ECF No. 3). On June 3, 2015, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 5) directing Plaintiff to file an amended complaint that provides a complete address for the Defendants who have not been served and that clarifies the claims he is asserting, which Magistrate Judge Gallagher construed as being asserted pursuant to 42 U.S.C. § 1983. Mr. Garza has not yet filed an amended complaint but he does request in the "Objection to Removal of Case to U.S. District Court" that the order directing him to file an amended complaint be stayed pending resolution of his objection.

Mr. Garza objects to the removal of this action because he apparently intends to pursue state law claims in addition to his federal constitutional claims. Although Mr. Garza contends he did not file this action pursuant to § 1983, the complaint properly is construed as asserting federal constitutional claims pursuant to § 1983. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (§ 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights"). Furthermore, because Mr. Garza is asserting federal constitutional claims, this action properly was removed to federal court pursuant to 28 U.S.C. § 1441(a) even if Mr. Garza also intends to assert state law claims.

Mr. Garza also objects to the removal of this action based on undue financial burden because he already has been charged filing and service fees in state court and should not be responsible for the filing fees in federal court. This objection lacks merit

because Defendants paid the federal filing fees when the case was removed.

Mr. Garza's remaining objections raise issues regarding state court procedures and service of process that do not demonstrate the action improperly was removed. Therefore, those objections also lack merit.

For these reasons, the liberally construed motion to remand will be denied. Mr. Garza remains obligated to file an amended complaint that complies with Magistrate Judge Gallagher's June 3 order. He will be granted an extension of time to file an amended complaint. Accordingly, it is

ORDERED that Plaintiff's "Objection to Removal of Case to U.S. District Court" (ECF No. 8), which the court construes as a motion to remand this action to state court, is denied. It is

FURTHER ORDERED that Plaintiff shall have **thirty (30) days from the date of this order** to file an amended complaint as previously directed.

DATED July 10, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court