IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-01147-CMA-MJW

CONRAD GARZA,

Plaintiff,

v.

CORRECTIONAL CORP. OF AMERICA,
WARDEN BOBBY BONNER,
C.O. HORVATICH,
DOCTOR TIONA,
V. BAZAAR, and
JOHN DOES I - IV,

Defendants.

**REPORT AND RECOMMENDATION ON
ORDER TO SHOW CAUSE (Docket No. 27)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by Judge Christine M. Arguello on August 4, 2015 (Docket No. 16).

Plaintiff has not served JOHN DOES I - IV.  Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

On August 31, 2015, the Court entered an Order to Show Cause directed Plaintiff to show cause why the John Doe defendants should not be dismissed for lack of service. (Docket No. 27) On September 18, 2015, Plaintiff responded that the named Defendants and others at his correctional facility had been unwilling to provide the identities of the John Doe defendants. (Docket No. 28.) As a result, the Court ordered early discovery under Fed. R. Civ. P. 26(d), allowing Plaintiff to serve one interrogatory requesting the identities of the John Doe defendants. (Docket No. 29.) On October 19, 2015, the Court continued the Show Cause hearing until November 19, 2015, to provide Plaintiff additional time to receive an interrogatory response and to serve the John Doe defendants. (Docket No. 31.) On November 5, 2015, Defendants mailed their interrogatory response to Plaintiff. (Docket No. 36.) At the November 19, 2015 Show Cause Hearing, Plaintiff represented that (1) he had received the response, but (2) had not yet provided the U.S. Marshal's Service with the names and addresses for service. (Docket No. 37.)

Based upon the foregoing, it is hereby RECOMMENDED that John Does I – IV be DISMISSED from this case for lack of service and lack of prosecution, under Fed. R. Civ. P. 4(m) and 41(b).

3

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated:       November 19, 2015             */s/ Michael J. Watanabe*
             Denver, Colorado              Michael J. Watanabe
                                           United States Magistrate Judge